Mr. Justice Colvock
delivered the opinion of the court,
The statute of limitations operates on the supposition, that the debt is paid. Any thing, therefore, which shows salí factorily that the debt is still due, is sufficient to prevent its operation. Now an acknowledgment of the maker, or one of them, is certainly for the most part, the best evidence which the nature of the case admits, and although it may occasionally be susceptible of objection like all other evidence, it must be conclusive if not counteracted by opposing testimony. The authorities on this point, are very satisfactory, (10 Johnson, 35. 15 Johnson, 3. 2. Const. Rep. 111.) Rut it is urged in a written argument furnished by defendant’s counsel, that the circumstances of the case vary it from the general doctrine. First, that the defendant in this case was a mere security, and Holt, who acknowledged the debt to be due, was the prin-cipad and insolvent, and that this is a joint and several note. These grounds were not urged below, but they cannot avail the defendant. The two facts of his being the principal ar.cl being insolvent, could only go to his credit; and I think the first is calculated to give support to his evidence, for being the principal, he would best know whether the note was. due; as in the usual ..coui'se of business he would first have been applied to; and if the others had been made to pay it, they would no doubt have made some application to him. His being insolvent, could not be a reason why he should speak falsely on the subject. His insolvency might protect him for the time, but by reviving the debt, he subjected himself to future liability if he should be more prosperous, and every man has a hope that in future he will succeed.
As to the last objection, of its being a joint and several note, it is ecjuaiiy inefficient; for although he is so bound, he may be sued jointly, and is in any event jointly liable. As a general rule, where one joint and several obligor is made to pay the whole, he can compel his co-obligor to contribute; and in the case before us, the defendant will have that benefit, even admitting it to be proyed that Holt *543 'Is insolvent. Authority is not wanting in support of this position, in 2 H. Black, (in the case of Jackson vs. Fairbanks,) 340, the assignees of one who was jointly and sever■ally bound with others, paid a dividend on anote, which was barred ; ruled sufficient to take it out of the statute. This payment was made in consequence of the acknowledgment of the bankrupt co-obligor.
Simpson 8? Dunlap, for the motion.
Creswell, contra.
The counsel for defendant in the written argument, relies on the case of Haskell vs. Hart & Kean, (2 Nott & McCord, 160) for support; but as far as the case goes, it certainly operates against him. The acknowledgment of Hart, was permitted to go to the jury, but it was limited and referred to other circumstances, which when developed, tended to rebut any presumption that the debt was still due, which may have arisen from the acknowledgment of Hart, that he had not paid it. In 2 Sehvyn, 154, an acknowledgment by one of several makers of a joint and several promissory note, washolden sufficient to take it out of the statute against the others ; and that such an acknowledgment might be given in evidence in a separate action against any of the others. See Douglass 657, Whilcombe vs Whitney, which I have examined, and it is directly in point.
The motion is discharged.
justices ATott, Richardson and Huger, concurred.